IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMIE DEE WORSTER-SIMS,<br><br>           Plaintiff,<br><br>      v.<br><br>TROPICANA ENTERTAINMENT, INC., et al.,<br><br>           Defendants. | Civil No. 13-1981 (RBK/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's application to strike relevant documents produced by Atlantic City on the last day of discovery. In the alternative, plaintiff wants discovery relevant to the documents.

By way of brief background, this is a §1983 excessive force lawsuit against Police Officer Michael Jones and Atlantic City. Although the case has been pending since March 28, 2013, Atlantic City produced on October 30, 2015 four (4) pages of Police Department Internal Affairs documents relating to "early warnings" given to Jones. See Plaintiff's November 6, 2015 Letter Brief, Exhibit A, Doc. No. 149 (pages 6-9). The documents are unquestionably central to the Monell issues in the case and should have been produced with Atlantic City's Fed. R. Civ. P.

1

26(a) disclosures due by July 15, 2013.  <u>See</u> June 19, 2013 Order ¶1, Doc. No. 14.[1]

The Court is faced with a difficult choice. On the one hand the Court could bar the use of the documents because they were produced late. However, this runs counter to the Third Circuit's preference for cases to be decided on their merits. <u>See</u> <u>ABB Air Preheater, Inc. v. Regenerative Environmental Equipment Co., Inc.</u>, 167 F.R.D. 668, 671 (D.N.J. 1996)(citations omitted)("The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony.") If the documents are barred it will also lead to complications at trial about whether Atlantic City can elicit testimony about the early warning system. Further, if the documents are barred plaintiff will submit an expert report stating that no early warning system existed. This is awkward since plaintiff just learned this may not be the case. On the other hand, if the Court does not bar the documents plaintiff is plainly entitled to discovery to cure the prejudice caused by Atlantic City's late production. This will delay an already prolonged case. Neither of these alternatives is appealing.

---

[1] Rule 26(a) requires parties to produce or identify documents they may use to support their defenses. The early warning documents unquestionably fall into this category.

Given the difficult choice the court has to make, it reluctantly comes out on the side of not barring Atlantic City's use of the documents and permitting plaintiff to take more discovery. Although the Court is reluctant to further delay the case, it has a strong preference for presenting all relevant evidence to the jury and letting the case be decided on its merits.

The Court adds that it has no reason to question the integrity of Atlantic City's lawyers in the case, and is confident they used reasonable and appropriate efforts to respond to discovery. Not surprisingly, as soon as counsel learned about the early warning documents they were produced. Unfortunately, the Court's confidence in Atlantic City's lawyers cannot be said for Atlantic City. Atlantic City's conduct leaves a lot to the desired. How and why the documents at issue were not produced earlier in the case is almost beyond comprehension. The documents are central to the case, the documents were easily retrievable, and the documents concern issues that have been at the forefront of the case since its outset. Moreover, the documents were located in the same room where the other Internal Affairs documents produced in the case were located. It is also perplexing why the subject early warning documents were not located in Jones' personnel file. After all the §1983 litigation Atlantic City has been involved in, Atlantic City has no excuse

for failing to produce key documents unquestionably central to the case. Given this situation the Court can understand why lawyers for the plaintiffs in Atlantic City's §1983 cases have a deep seated skepticism that Atlantic City properly responds to discovery.

Even though the Court will not bar the subject documents, the Court will not permit Atlantic City to "skate by." The Court will Order Atlantic City to reimburse plaintiff's fees and costs occasioned by its inexcusable delay. Atlantic City's late production is not substantially justified. Further, no circumstances exist to make an award of fees and costs unjust.

Accordingly, for the foregoing reasons, it is HEREBY ORDERED this 9th day of November, 2015, as follows:

1. By no later than December 15, 2015, plaintiff is granted leave to depose Chief Jubilee, Chief Mooney, Capt. T. Friel, Capt. R. Roff and a Fed. R. Civ. P. 30(b)(6) witness to testify about Atlantic City's "early warning system" from 2001-2012, and how it was used or applied to Officer Jones.[2] The depositions shall be limited to the recently produced documents and Atlantic City's "early warning system."

---

[2] Plaintiff may, but does not have to, take all of these depositions. It may be that plaintiff can obtain what he wants from some but not all of the witnesses.

2. Pursuant to Fed. R. Civ. P. 26(g)[3] and 37(a)(5), Atlantic City shall pay the cost of plaintiff's court reporter and transcripts. All other counsel shall pay for their own transcripts. Atlantic City shall also reimburse plaintiff's attorney(s) for the fees incurred to actually depose the witnesses (not preparation time) listed in this Order. In addition, Atlantic City shall reimburse plaintiff for the fees incurred for the successful application to bar Atlantic City's documents or in the alternative to conduct additional discovery. Since the Court finds that Atlantic City's attorneys were not

---

[3] Atlantic City violated Rule 26(g) because it provided an inaccurate certification that its Rule 26(a) disclosure was complete. Rule 26(g) requires all attorneys to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of liberal discovery. Kosher Sports, Inc. v. Queens Ballpark Co., LLC, No. 10-cv-2618, 2011 WL 3471508, at *7 (E.D.N.Y. Aug. 5 2011)(quoting Fed. R. Civ. P. 26(g) Advisory Committee's note to 1983 Amendment). Pursuant to the Rule an attorney's signature certifies that any disclosures were complete and accurate at the time they were made and that a reasonable inquiry was made. Singer v. Covista, Inc., C.A. No. 10-6147 (JLL), 2013 WL 1314593, at *9 (D.N.J. March 28, 2013). Unless the conduct was harmless, a violation of Rule 26(g) without substantial justification must result in the imposition of sanctions. Rule 26(g) is cast in mandatory terms. Chambers v. Nasco, Inc., 501 U.S. 32, 51 (1991). Sanctions are encouraged in order to curb discovery abuses. Singer, at *9. The sanction may be imposed against the certifying attorney, the client, or both. Markey v. Lapolla Industries, Inc., No. CV 12-4622 (JS)(AKT), 2015 WL 5027522, at *18 (E.D.N.Y. Aug. 25, 2015). Substantial justification exists where there is a genuine dispute or if reasonable people could differ. Id. As to what Rule 26(g) sanction to impose, this is left to the Court's discretion. The Rule merely provides that the sanction be "appropriate." Chambers, 501 U.S. at 51.

complicit in the oversights described herein, all fees and costs shall be paid by Atlantic City.

3. By December 31, 2015, plaintiff shall serve an affidavit pursuant to L. Civ. R. 54.2 setting forth the fees to be reimbursed. All objections shall be served by January 15, 2016.

4. A new Scheduling Order will be separately entered to account for the unfortunate extension of time the Court is granting.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
