NOT FOR PUBLICATION                                    (Doc. No. 161)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                  :
JAMIE DEE WORSTER SIMS and      :
ASHLEE SIMS,                   :     Civil No. 13-1981 (RBK/JS)
                                  :
        Plaintiffs,            :     **OPINION**
                                  :
                                  :
                                  :
         v.                 :
                                  :
TROPICANA ENTERTAINMENT, INC.,  :
et al.,                        :
              Defendants.  :
_____ :

**KUGLER**, United States District Judge:

      Jamie Worster-Sims and Ashlee Sims ("Plaintiffs") bring federal and state claims against

the City of Atlantic City ("the City") and Officer Michael Jones. Plaintiffs also bring state law

claims against Tropicana Entertainment, Inc., Tropicana Entertainment Holdings, LLC,

Tropicana Entertainment Intermediate Holdings, LLC, Tropicana Entertainment, LLC, Tropicana

Atlantic City Corporation, Tropicana AC Sub Corporation ("the Tropicana Defendants"),

Providence AC, Inc., and Metronome Hospitality Group. Plaintiffs also bring state law claims

against fictitious defendants John Does I-X and ABC Corp. I-X. This matter comes before the

Court on the Motion for Summary Judgment of Defendant Tropicana Atlantic City Corporation

(Doc. No. 161). For the following reasons, Defendant's motion is **GRANTED.** Furthermore, the

remaining fictitious defendants are **DISMISSED**.

## I.    FACTUAL BACKGROUND

The facts, in the light most favorable to the Plaintiffs, are as follows: On April 30, 2011, Jamie Worster-Sims ("Plaintiff") went to Atlantic City to celebrate his cousin's bachelor party. Def. Mot., Ex. B at 68:23-69:3 (Doc. No. 161-3). Plaintiff and his cousin, Beau Cantera ("Cantera"), were customers of Providence Atlantic City ("the Club") on the evening of April 30, and into the early morning of May 1, 2011. Pl.'s Compl. ¶ 23. Providence is a nightclub owned, managed, and operated by Providence A.C., Inc. Pl.'s Compl. ¶ 21.[1]

Over the course of the evening, Plaintiff consumed between one and five vodka tonics. Def. Mot., Ex. B at 82:20-83:8. At some point in the early morning hours, Providence staff asked Plaintiff and Cantera to leave the Club. *Id.* at 88:2-12. Security guards then picked up and carried Plaintiff and Cantera from the Club. *Id.* at 96:4-97:16; 106:2-4. Plaintiff's shoe fell off while he was carried from the Club. *Id.* at 110:12-16. When Plaintiff attempted to retrieve the shoe, a security guard kicked the shoe back towards the entrance of the club. *Id.* at 111:17-20; 112:4-12. Cantera retrieved the shoe. *Id.* at 114:4-11. Plaintiff and Cantera then started away from the Club. *Id.* at 116:4-5.

Plaintiff and Cantera's removal from the Club attracted Officer Michael Jones, an Atlantic City police officer working as a special detail officer at Providence on April 30, 2011. Def. Mot., Ex. G at 84:23-85:1 (Doc. No. 161-8). Officer Jones approached Plaintiff and Cantera because he understood it was his responsibility to assist with crowd control for customers removed from the Club. *Id.* at 87:1-11.[2] Plaintiff and Cantera were escorted to "The Quarter," a section of the Tropicana where Providence and other restaurants and shops are located. *See* Def.

---

[1] Neither party cites to the record on the two previous matters. These allegations are not disputed, so the Court will accept them as fact for the purpose of this motion.
[2] Brian Daniels, the head of Providence's security team confirmed that Officer Jones was to receive any Providence customers asked to leave the Club. Def. Mot., Ex. I at 39:25-40:1 (Doc. No. 161-10).

Mot., Ex. L at 4 (Doc. No. 89). Officer Jones proceeded to speak to Plaintiff and Cantera. *Id.* at 86:8-17. The parties, naturally, disagree over what happened next.

It is undisputed that Officer Jones struck Plaintiff once in the face. *Id.* at 74:12-16. Officer Jones claims that the strike was a necessary reaction to Plaintiff "mushing his face back." *Id.* at 73:23-74:11. Plaintiff claims that the strike was totally unprovoked, and that he never struck, pushed, or put hands on anyone that evening. Def. Mot., Ex. B at 119:9-15 (Doc. No. 161-3). Officer Jones further claims that he engaged Cantera in a wrestling match after striking Plaintiff. Def. Mot., Ex. G at 78:1-11 (Doc. No. 161-8).

The parties to the instant motion also disagree over whether Tropicana was allowed to exert control over Officer Jones while he was on a special detail and whether Officer Jones was Tropicana's agent. To the extent that this argument relies on Police Department City of Atlantic City General Order 016 of 2005, the Court acknowledges that document's existence.[3]

## II.   STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

---

[3] This point, and several other legal arguments appear in the Defendant's Statement of Undisputed Material Facts. Although it is understood that this issue is the crux of this motion, the Court would like to remind the parties that Local Civil Rule 56.1(a) states, "[e]ach statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law."

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

Plaintiff Jamie Worster-Sims brings claims against the Tropicana Defendants alleging assault and battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Plaintiff Ashlee Sims, his wife, brings a derivative per quod claim.

### A.  Law of the Case

As a threshold matter, the Court must first address Defendants' law of the case argument. Defendants argue that this Court's findings in its opinion granting partial summary judgment in favor of Defendant for its crossclaim for declaratory relief for contractual indemnification and defense against Defendant Providence should apply here as the law of the case. Defendant contends that the Court's finding that Providence failed to put forth evidence that Tropicana owed Plaintiff a duty to protect him from Officer Jones (and subsequent finding that Tropicana was not negligent as a result of not owing a duty) is dispositive for the instant motion. This Court's prior opinion is only the law of the case on the narrow issue of whether *Providence*

4

produced evidence that Tropicana owed Plaintiff a duty; the prior opinion is not binding as the law of the case as to Plaintiff's allegation that Tropicana owed him a duty.

### B. Claims

*Count I: Assault and Battery*

Plaintiff acknowledged that he did not know whether any agents or employees of Tropicana touched him, interacted with him, or were present at the time Officer Jones struck him. Def. Mot., Ex. C at 249:20-250:1; 250:2-8; 251:5-10 (Doc. No. 161-4). Rather, Plaintiff argues that Officer Jones was acting as an employee or agent of the Tropicana. Pl.'s Opp'n Br. at 2. The Defendant argues that there is nothing in the record to create a genuine issue of material fact regarding Officer Jones as an agent of the Tropicana. Def. Mot. at 35. Furthermore, the Plaintiff does not contest this argument in his opposition brief. The Court does not find any facts in the record that suggest an agency or employment relationship between Officer Jones and the Tropicana. Therefore, the Court grants summary judgment for Defendant on Plaintiff's assault and battery claim.

*Count II: Negligence*

Plaintiff argues that Tropicana is not entitled to summary judgment on Plaintiff's negligence claim because there remains a question of fact as to whether Tropicana was itself negligent in its failure to have a coordinated security plan with Providence and the Atlantic City Police Department, which led to the alleged incident between Plaintiff and Jones.

As an initial matter, the essential elements for a negligence claim are: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages. *Jersey Cent. Power & Light Co. v. Melcar Util. Co.*, 212 N.J. 576, 594 (2013). Whether a duty exists and the scope of that duty are questions of law. *See Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J.

5

496, 502 (1997).  Whether a duty has been breached is a question of fact to be decided by a jury. *Arvanitis v. Hios*, 307 N.J. Super. 577, 582 (App. Div. 1998).  The Court may grant summary judgment on the issue of whether a duty has been breached if it is "satisfied a rational fact finder could not conclude defendant breached [its] duty of care." *Endre v. Arnold*, 300 N.J. Super. 136, 143 (App. Div. 1997), *certif. denied*, 150 N.J. 27 (1997).

First with respect to the element of duty, in New Jersey, "business owners and landlords have a duty to protect patrons and tenants from foreseeable criminal acts of third parties occurring on their premises."  *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496, 504 (1997).  Similarly, a landlord "has a responsibility to take reasonable steps to curtail the dangerous activities of tenants of which he should be aware and that pose a hazard to the life and property of other tenants." *Scully v. Fitzgerald*, 179 N.J. 114, 122 (2004) (citing *Williams v. Gorman*, 214 N.J. Super. 517, 523 (App. Div. 1986)).  New Jersey courts rely on the Restatement (Second) of Torts Section 344 to determine the duty of care owed to business invitees. *See Clohesy*, 149 N.J. at 506-07.  Section 344 states:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Additionally, Comment (f) to Section 344 states:

> Duty to police premises. Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third

6

person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

The focus of whether business owners and landlords owe a duty of care to business invitees to protect against criminal acts of third parties primarily on foreseeability. *See Clohesy*, 149 N.J. at 505. Where harm is foreseeable and the landlord has sufficient control to prevent it, the landlord's duty arises. *Braitman v. Overlook Terrace Corp.*, 68 N.J. 368, 382-83 (1975). New Jersey courts apply a "totality of the circumstances" test when considering the issue of foreseeability, "all the factors a reasonably prudent person would consider." *Clohesy*, 149 N.J. at 508. In some cases landlords may have actual notice of prior similar criminal incidents on the premises, in others they may have constructive notice. *Id.* "The requirement of actual or constructive knowledge is merely a means of applying the general rule . . . that the proprietor may be liable if he knew or by the exercise of reasonable care could have discovered the dangerous condition, and it does not alter the basic duty to use ordinary care under all the circumstances." *Id.* (quoting *Bridgman v. Safeway Stores, Inc.*, 2 Cal. Rptr. 146, 148 (1960)).

According to Plaintiff, Defendants failed to meet industry standards by not including a provision in Providence's Lease to coordinate security efforts between Providence and the Tropicana. Pl.'s Opp'n Mot., Ex. E at 8. Plaintiff further contends that Defendants failed to adequately control the common area outside Providence. Pl.'s Opp'n Mot., Ex. D at 152. Plaintiff argues that a factual dispute remains over whether these alleged security failures by

Defendants combined with Officer Jones's conduct to cause Plaintiff's injuries. Pl.'s Opp'n Mot. at 16.

Tropicana argues that Officer Jones's alleged conduct was unforeseeable. They argue that Officer Jones had no previous issues while on special detail outside Providence, nor was there any inherent risk to a uniformed police officer's presence outside of a club. Def. Mot. at 24. Tropicana alternatively argues that they had no relationship with Officer Jones as an employee, agent, or otherwise that would provide the ability or opportunity to exert control over his actions. *Id.* at 26-27.

Based on the facts presented by the parties, the Court concludes that Tropicana did not have a duty of care to protect Plaintiff from the alleged actions of Officer Jones while he was in The Quarter. Neither party appears to dispute that Tropicana controlled The Quarter where the alleged incident took place. Because Defendant controlled the premises, if it knew of a foreseeable risk of harm to Plaintiff, it had a duty to take reasonable steps to prevent that danger. *See Gonzalez v. Safe and Sound Security Corp.*, 185 N.J. 100, 121-22 (2005).

The Court does not find that there was a foreseeable risk of harm to Plaintiff of which Tropicana should have been aware. Plaintiff's evidence is insufficient to suggest that Tropicana had actual notice of any risk posed by Officer Jones's presence in The Quarter. Plaintiff points to no previous incidents in Officer Jones's tenure as a detail officer outside Providence that would have put Tropicana on notice of risk. Additionally, the Court still believes that a reasonable person would conclude that detailed police officers are likely to *reduce* the overall risk of harm to patrons, rather than create new hazards. Plaintiff's contention that the lack of a coordinated security plan between Tropicana, Providence, and the Atlantic City Police Department led to a

collective neglect of care for Plaintiff's safety does not contradict this conclusion, as it presupposes the existence of a duty owed to Plaintiff by Tropicana.

Plaintiff has not put forth evidence showing a dispute with respect to any fact on which this Court's determination of Tropicana's duty relies. Because the Court finds that Tropicana had no duty to protect Plaintiff from the alleged actions of Jones, it also finds that Tropicana was not negligent in the instant case. Accordingly, the Court will grant Tropicana's motion for summary judgment as to Plaintiff's negligence claim.

### Count IV: Negligent Infliction of Emotional Distress

As the Court finds that Defendants did not breach their duty to protect Plaintiff, there is no basis for a negligent infliction of emotional distress claim. The Court grants summary judgment for Defendant on Plaintiff's negligent infliction of emotional distress claim.

### Count V: Intentional Infliction of Emotional Distress ("IIED")

To state a claim for IIED under New Jersey law, a plaintiff must allege that the defendant (1) acted intentionally or recklessly and (2) outrageously, and (3) proximately caused (4) severe distress. *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988). Regarding the first element, the defendant "must intend both to do the act and to produce emotional distress." *Id.* Next, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d).[4] If the Court determines that the defendant's

---

[4] *See also 49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc.*, 227 N.J. Super. 449, 471-72 (App. Div. 1988) (quoting Restatement (Second) of Torts § 46 cmt. d) ("The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' …

actions proximately caused the plaintiff's emotional distress, plaintiff must then show the distress suffered was "so severe that no reasonable man could be expected to endure it." *Buckley*, 111 N.J. at 366-67 (quoting Restatement (Second) of Torts § 46 cmt. j).

Defendant argues that there is nothing in the record to suggest Tropicana Defendants acted intentionally, nor is there anything to suggest Defendant's actions or inactions rise to the level of "extreme" and "outrageous." The Plaintiff does not contest this argument in his reply. The Court grants summary judgment for Defendant on Plaintiff's intentional infliction of emotional distress claim.

### Count IX: Ashlee Sims's Per Quod Claim

A per quod, or loss of consortium, claim is a separate cause of action for loss of society, companionship, and services from an injured spouse. *See Kibble v. Weeks Dredging & Constr. Co.*, 161 N.J. 178, 735 A.2d 1142, 1149 (NJ. 1999). A per quod claim is a derivative cause of action whose viability depends on the existence of tortious conduct against the injured spouse. *See Tichenor v. Santillo*, 218 N.J. Super. 165, 527 A.2d 78, 8 (N.J. Super. Ct. App. Div. 1987). Because the Court finds that Plaintiff Jamie Worster-Sims has no claims against the Tropicana Defendants, Plaintiff Ashlee Sims's per quod claim must also fail.

### C.  Fictitious Defendants

Plaintiffs also bring claims against fictitious defendants John Does I-X and ABC Corp. I-X. The Third Circuit allows the use of fictitious defendants "in certain situations until reasonable discovery permits the true defendants to be identified." *Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009). Plaintiffs have conducted reasonable discovery and identified the "true defendants," some of which remain in this action. The remaining fictitious

---

The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.")

defendants are **DISMISSED** from this action. Fed. R. Civ. P. 21 ("On motion or on its own, the

court may at any time, on just terms, add or drop a party.").

IV.      **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**

and the remaining fictitious defendants are **DISMISSED.**


Dated:   __09/08/2016_____                                    s/Robert B. Kugler___
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge