<u>NOT FOR PUBLICATION</u>                                          (Doc. No. 204)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMIE DEE WORSTER SIMS and ASHLEE SIMS, | : : : : | Civil No. 13-1981 (RBK/JS) |
| Plaintiffs, | : | **OPINION** |
| | : : : : | |
| v. | : : | |
| TROPICANA ENTERTAINMENT, INC., et al., | : : | |
| Defendants. | : : | |

**Kugler**, United States District Judge:

Jamie Worster-Sims and Ashlee Sims ("Plaintiffs") bring federal and state claims against the City of Atlantic City ("the City") and Officer Michael Jones. This matter comes before the Court on Defendant City of Atlantic City's Motion for Attorney Fees pursuant to 42 U.S.C. § 1988. For the following reasons, Defendant's motion is **DENIED.**

## I.      BACKGROUND

Plaintiff brought this action against Defendant on or about March 26, 2013, alleging that the City was liable for Plaintiff's alleged assault at the hands of an Atlantic City police officer. *See* Compl. (Doc. No. 1). Plaintiff brought a variety of state and federal claims, including: assault and battery, negligence, negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), § 1983 liability (based on *Monell* liability), and an

1

Eighth Amendment deliberate indifference claim. *Id.* Plaintiff's wife brought a derivative per quod claim. *Id.*

On September 9, 2016, this Court issued an opinion and entered an order granting the City's motion for summary judgment as to Plaintiff's assault and battery, NIED, IIED, and Eighth Amendment claims. The Court denied the City's motion for summary judgment as to Plaintiffs' negligence, *Monell*, and per quod claims.

On September 16, 2016, the City filed the instant motion requesting attorney fees for the claims for which the Court granted summary judgment. Plaintiff filed his response on September 19, 2016.

## II.    STANDARD

In a civil rights action filed pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. While "it is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances," *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 535 (3d Cir. 2001), when a defendant is the prevailing party, he may recover attorney's fees "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

In applying this standard, the Supreme Court has cautioned that "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14. When applying this standard in a Title VII case, the Third Circuit noted that "courts should consider several factors including '(1) whether the plaintiff established a

prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'" *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir.1997) (quoting *Sullivan v. Sch. Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). The Third Circuit further noted that "[t]hese factors are, however, guideposts, not hard and fast rules." *L.B. Foster*, 123 F.3d at 751.

The Supreme Court has also recently held that when some, but not all, of a plaintiff's claims are frivolous, a prevailing defendant can only recover the portion of fees attributable to defending the worthless claims. *Fox v. Vice*, 565 U.S. 826, 835-36 (2011). "[A]llowing more expansive fee-shifting would furnish windfalls to some defendants, making them better off because they were subject to a suit including frivolous claims." *Id.* at 837.

## III.   DISCUSSION

As an initial matter, the Court notes that section 1988 specifically lists the federal actions for which the prevailing party may recover attorney's fees. New Jersey state law claims for assault and battery, NIED, and IIED are not among the actions listed there. Therefore, the City cannot recover attorney's fees for defending against those state claims. *See Christiansburg Garment Co.*, 434 U.S. at 415 ("It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees.").

As for the remaining Eighth Amendment claim, the Defendant argues that Plaintiff's claim was frivolous because he was in possession of EMT records that indicated the Plaintiff refused medical attention. Def. Mot. Br. at 4 (Doc. No. 204-2). Plaintiff counters that his Eighth Amendment claim was not frivolous in light of an expert medical report opining that Plaintiff was in no condition to refuse medical attention after his alleged assault. Pl.'s Resp. Br. at 9 (Doc. No. 205). The Court finds Defendant's argument unpersuasive. While Plaintiff was ultimately

unsuccessful on his Eighth Amendment claim, it was not unreasonable for Plaintiff to believe that a court may have given his expert's opinion more weight and allowed a jury to decide whether Plaintiff's condition made his need for medical care obvious. The Court finds that while Plaintiff's Eighth Amendment claim was ultimately unsuccessful, his position was not completely frivolous. Furthermore, even if Plaintiff's Eighth Amendment claim was frivolous, Defendant does not discuss what, if any, portion of its defense is attributable solely to defending against the Eighth Amendment claim. *See Fox*, 565 U.S. at 835-36. Therefore, the Court declines to award fees.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorney's Fees is **DENIED**.

Dated:    09/27/2016                                s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge